```
           UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW HAMPSHIRE
```

Hunter Scott Bartlett

   v.                                Civil No. 15-cv-243-LM

Warden Richard Gerry


**REPORT AND RECOMMENDATION**

Before the court is plaintiff Hunter Scott Bartlett's motion (doc. no. 25) seeking: (a) appointment of a disability rights attorney; (b) medical evaluations at Concord Hospital; and (c) an order either directing that Bartlett be allowed to finish has current sentence in home confinement, or dismissing the state criminal conviction underlying his current sentence.

**Request for Appointment of Counsel (Doc. No. 25)**

In an Order (doc. no. 20) issued October 6, 2015, the court denied Bartlett's request for court-appointed counsel without prejudice, on the basis that he had failed to demonstrate the existence of extraordinary circumstances such that he would be denied due process unless the court appoints counsel. Bartlett still has not demonstrated the existence of circumstances warranting the appointment of counsel. Accordingly, Bartlett's request for court-appointed counsel should be denied without

prejudice to his ability to refile his request in the future, should circumstances warrant.

### Request for Medical Evaluations (Doc. No. 25)

Bartlett seeks a court order directing the defendants to have him examined at the Concord Hospital for unspecified medical issues. A plaintiff seeking such preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011). "[P]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." Voice of the Arab World, Inc., 645 F.3d at 32 (internal quotation marks, alterations, and citation omitted).

Bartlett has not supported his request for injunctive relief with any reason why such an examination is necessary, any information concerning whether or how the New Hampshire State

Prison has failed to meet his medical needs, or even what his particular medical issues are.  Accordingly, the district judge should deny the requested injunction directing that the defendants provide Bartlett with a medical examination at Concord Hospital, as Bartlett has failed to demonstrate that he will be subject to irreparable harm in the absence of the requested injunction.

To the extent that Bartlett seeks a medical examination as part of the discovery that may be available in this case, the district judge should deny the request as premature.  The court has not completed its preliminary review of Bartlett's pleadings, including the complaint addendum (doc. no. 26), and defendant has not been served.

### Home Confinement or Dismissal of Criminal Case

Bartlett seeks an order from this court directing either that the remainder of his instant sentence be served in home confinement, or that the underlying state criminal conviction be dismissed.  To challenge the validity of his conviction or sentence, Bartlett must do so in the state courts in the first instance, or by filing a petition for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254 once his federal claims have been fully exhausted in the state courts.  The district

judge should deny Bartlett's request for an order directing a modification of his sentence or dismissing his state criminal conviction, without prejudice to Bartlett's ability to challenge his conviction and sentence in state court, or in a habeas petition in this court in the future.

## Conclusion

For the foregoing reasons, the district judge should deny Bartlett's motion (doc. no. 25). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 14, 2015

cc: Hunter Scott Bartlett, pro se