```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Hunter Scott Bartlett

   v.                                       Civil No. 15-cv-243-LM

Warden Richard Gerry


### REPORT AND RECOMMENDATION

Before the court are two addenda (doc. nos. 26 and 37) to plaintiff Hunter Scott Bartlett's complaint, which are before this court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).  The standard applied by this court in conducting the preliminary review is set forth in the July 16, 2015, Order (doc. no. 5).

Also before the court are motions filed by plaintiff (doc. nos. 33, 35, 38-40), seeking a hearing and injunctive relief.  Those motions are before this court for a report and recommendation as to their disposition.


### Background

Liberally construed, the pleadings filed to date assert the following facts.  In 2015, when Bartlett was housed at the Special Housing Unit ("SHU") in the New Hampshire State Prison

("NHSP"), he was placed in a cell with another inmate, Sean Cook. Bartlett states that, over a period of six months, Cook repeatedly beat him up, causing him significant physical harm, and further, serially raped Bartlett orally and anally, causing extreme mental distress and trauma. Bartlett claims that he was placed with Cook despite, or because of, prison officials' knowledge that Cook would assault Bartlett. Bartlett also claims that, during and after the assaults, he received inadequate treatment for his medical and mental health issues.

After Bartlett filed this action, Bartlett was transferred to the Merrimack County Department of Corrections ("MCDOC") where, he alleges, officials also failed to provide him with adequate medical and mental health treatment. Bartlett recently notified the court that he has now been transferred to the Belknap County Department of Corrections.

## Discussion

I. **Preliminary Review**

   A. Criminal Charges

Bartlett asserts that certain actions of defendants constitute criminal conduct, and he seeks criminal prosecution

2

of those individuals. There is no federal right, however, to have wrongdoers prosecuted. See Linda R.S. v. Richard P., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another"). Bartlett's claims asserting violations of the state criminal code, therefore, should be dismissed.

   B.   Nonconstitutional Claims

Bartlett asserts that a number of NHSP defendants, including Lt. Masse, C.O. Darin Briggs, and Cpl. Michael Samson, engaged in one or more of the following behaviors, in violation of his Eighth Amendment rights: "abuse of power," "false witness," threats of bodily harm, "failure of policy," "complicity to evade the law," and verbal harassment. None of these allegations forms the basis of an actionable Eighth Amendment claim. See Matthews v. Vargas, 254 F. App'x 1, 4 (1st Cir. 2007) (harassment, threats, discourtesies, and epithets do not amount to Eighth Amendment violation) (citing Skinner v. Cunningham, 430 F.3d 483, 489 (1st Cir. 2005)). The district judge should dismiss all claims asserting abuse of power, false witness, complicity to evade the law, failure of policy, or threats of harm, including all claims asserted against Lt.

Masse, C.O. Darin Briggs, and Cpl. Michael Samson.

### C. Inmate Defendants

Bartlett has named two inmates as defendants to this suit, Sean Cook and a SHU inmate Bartlett identifies as Newcome. To be liable under section 1983, a defendant must be a state actor. See 42 U.S.C. § 1983; Goldstein v. Galvin, 719 F.3d 16, 24 (1st Cir. 2013). Neither Cook nor Newcome are state actors, and thus neither are liable to Bartlett for any asserted violation of his federal rights. Accordingly, the claims asserted against Cook and Newcome, should be dismissed from this case.

### D. PREA and HIPAA Claims

Plaintiff asserts that individuals at the NHSP and/or MCDOC have violated his rights under the Prison Rape Elimination Act of 2003 ("PREA"), and the Health Insurance Portability and Accountability Act ("HIPAA"). Neither of those statutes, however, provide a private right of action, and thus Bartlett cannot state a claim for relief thereunder. See Krieg v. Steele, 599 F. App'x 231, 232-33 (5th Cir.), cert. denied, 136 S. Ct. 238 (2015) (PREA); Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009) (HIPAA). The district judge should dismiss

Bartlett's claims to the extent they are asserted as PREA or HIPAA violations.

    E.    ADA Claim

Bartlett, identifying himself as a disabled person, generally asserts violations of his rights under the Americans with Disabilities Act ("ADA").  Title II of the ADA provides that

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

> To state a claim for a violation of Title II, a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability.

Toledo v. Sanchez, 454 F.3d 24, 31 (1st Cir. 2006) (citation omitted).  Bartlett makes no specific factual allegations suggesting that anyone at the NHSP or MCDOC discriminated against him based on his disability, denied him any benefit, service, program, or activity based on his disability, or that he requested and was refused reasonable accommodation of his

disability.  Accordingly, Bartlett's claims should be dismissed to the extent they are asserted as violations of his rights under the ADA.

    F.   <u>Claims That May Be Amended</u>

        1.   <u>Endangerment in SHU</u>

Bartlett asserts that NHSP employees placed him into a cell with Cook, knowing that Cook posed a significant risk of serious harm to Bartlett.  Bartlett further asserts that, once he was placed in a cell with Cook, some SHU officers became aware that Bartlett was being subject to physical and/or sexual assault in his cell, and failed to do anything to protect him.

The Constitution requires prison officials to take "reasonable measures to guarantee the safety of the inmates." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832–33 (1994).  To establish unconstitutional endangerment, an inmate must assert facts to demonstrate that, objectively, he was incarcerated "under conditions posing a substantial risk of serious harm," and that the involved prison officials knew of and disregarded the excessive risk to the inmate's safety.  <u>Id.</u> at 834.  In the Order issued this date, Bartlett is granted leave to amend his complaint to state additional factual details to support his

claims that defendants specifically identified by Bartlett were aware of the risk of serious harm posed to Bartlett by his cell placement and, disregarding that knowledge, failed to take reasonable steps to prevent that harm.

### 2. Sewage Exposure

Bartlett alleges that his cell was flooded with raw sewage for three months, creating an unsanitary condition that violated his Eighth Amendment rights. While such allegations may state a claim upon which relief might be granted, Bartlett has not identified any defendant who knew of this health risk and failed to take reasonable steps to address it. In the Order issued simultaneously with this Report and Recommendation, therefore, Bartlett is granted leave to amend this claim by naming the defendants who caused him to be exposed to raw sewage, by describing what each defendant knew about the exposure, and by stating what each defendant did or did not do, that caused Bartlett to be exposed to sewage.

### 3. Medical and Mental Health Care Claims

Bartlett alleges that the assaults he suffered at SHU caused him physical harm which continues to cause him a great deal of pain. Bartlett further asserts that he suffers from

7

severe mental illness, including bipolar disorder, post-traumatic stress disorder, and severe institutionalization, conditions caused or exacerbated by the trauma of his stay in SHU. Bartlett states that, despite his repeated request, he was neither provided with adequate treatment and care for his injuries and pain, nor provided with adequate mental health care, including medication and therapy, for his serious mental illness at either the NHSP or the MCDOC.

To assert an Eighth Amendment claim based on inadequate medical or mental health care, plaintiff must establish that the deprivation of such care was, objectively, "sufficiently serious," and must also show that, "[s]ubjectively, . . . prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety." Perry v. Roy, 782 F.3d 73, 78 (1st Cir. 2015) (internal quotation marks and citations omitted). "'To demonstrate deliberate indifference a plaintiff must show (1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) his failure to take easily available measures to address the risk.'" Penn v. Escorsio, 764 F.3d 102, 110 (1st Cir. 2014) (citation omitted), cert.

dismissed, 135 S. Ct. 1732 (2015). Deliberate indifference is not demonstrated "where the dispute concerns not the absence of help, but the choice of a certain course of treatment." Kosilek v. Spencer, 774 F.3d 63, 92 (1st Cir. 2014) (internal quotation marks and citation omitted), cert. denied, 135 S. Ct. 2059 (2015).

Although Bartlett has identified certain members of the NHSP and MCDOC medical staffs as defendants, he has not stated what conduct of those individuals amounted to the denial or delay of treatment for his physical or mental health needs. Accordingly, the court, in the Order issued this date, grants Bartlett leave to amend his complaint to identify, as to each defendant, what he or she did or failed to do that amounted to a denial of appropriate treatment for his physical and/or mental health, and their knowledge of his need for such treatment.

### 4. Remaining Claims

Bartlett has alleged that defendants at the NHSP and/or MCDOC, violated his Eighth Amendment rights by using excessive force against him and sexually harassing him, and that defendants violated his Fourteenth Amendment equal protection rights by discriminating against him on the basis of his gender

9

and sexuality.  While Bartlett has named defendants to these claims, his filings are devoid of any factual support for these claims.  Accordingly, in the Order issued with this Report and Recommendation, Bartlett is granted leave to amend the complaint to state specific facts about what each defendant did or failed to do that constituted excessive force, sexual harassment, or gender or sexuality discrimination.

## II.   Motions for Hearing and Injunctive Relief

Bartlett has filed motions (doc. nos. 33, 35, 38-40) seeking: a hearing before the court; an Order directing that he be taken for an evaluation at Concord Hospital and treatment at an outside facility; and an Order either dismissing the criminal charges upon which he was convicted, or directing that the remainder of his sentence be served in home confinement. Bartlett has previously requested the same relief by motion (doc. no. 25), and this court denied that motion, for reasons stated in the December 14, 2015, Report and Recommendation (doc. no. 28.  See Jan. 27, 2016, Order (doc. no. 43).  Bartlett has not demonstrated any change of circumstances or other facts warranting reconsideration of that order, or the scheduling of a hearing in this case.  Accordingly, the district judge should

deny the motions for a hearing and for injunctive relief (doc. nos. 33, 35, 38-40).

### Conclusion

For the foregoing reasons, the magistrate judge recommends:

1.   The district judge should dismiss, for failure to state a claim upon which relief can be granted, Bartlett's claims seeking criminal prosecution; his claims of abuse of power, false witness, threats, verbal harassment, failure of policy, and complicity to evade the law; and his claims of PREA, HIPAA, and ADA violations, including all federal claims asserted against NHSP Lt. Masse, C.O. Darin Briggs, Cpl. Michael Samson; and NHSP inmates Cook and Newcome.

2.   The district judge should deny Bartlett's motions for a hearing and for injunctive relief (doc. nos. 33, 35, 38-40).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15,

21-22 (1st Cir. 2014).

/s/ Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge

February 2, 2016

cc: Hunter Scott Bartlett, pro se